

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF STATE HOSPITAL COALINGA,<br><br>　　　　Defendant. | Case No.　1:24-cv-01373-EPG<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE<br><br>RESPONSE DUE WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

### I.　　INTRODUCTION

Plaintiff Alex Leonard Azevedo is a prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his complaint on November 4, 2024, complaining that Defendant failed to protect him from the attack of a mental health patient when Plaintiff was formerly located at Coalinga State Hospital.

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are duplicative of an earlier lawsuit filed on October 28, 2024, *Azevedo v. Department of State Hospital Coalinga*, 1:23-cv-01345-KES-HBK. Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds).

\\\

## II.    LEGAL STANDARDS

Referred to as the doctrine of claim-splitting, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). The following transaction test is used to determine whether the causes of action are the same:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id.* "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need not have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *See Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (noting that determination of whether suit is duplicative assumes that the first suit was final).

to consolidate both actions." *Id.* at 688.  The claim-splitting doctrine is a discretionary one, intended to give judges flexibility to "promote[] judicial economy." *Id.* at 692; *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.").

### III.  ANALYSIS

With these standards in mind, in both cases Plaintiff sues the Department of State Hospitals, Coalinga. Both cases allege that this Defendant failed to protect Plaintiff from the attack of a mental health patient.

The Court notes that, not only does Plaintiff sue the same Defendant, allege the same facts and claims, and seek the same relief, his complaints in the two cases appear to be a photocopy of each other.[2]

### IV.  CONCLUSIONS AND ORDER

As explained above, it appears that Plaintiff's case is duplicative of his earlier-filed case, 1:24-cv-01345. However, Plaintiff will be given an opportunity to explain why his case should not be dismissed.

Accordingly, IT IS ORDERED as follows:

1. Within thirty (30) days of being served with a copy of this order, Plaintiff shall show cause why this case should not be dismissed as duplicative of 1:24-cv-01345.
2. Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i).
3. If Plaintiff fails to file anything, he is warned that this case may be dismissed.

IT IS SO ORDERED.

Dated: __November 15, 2024__         /s/ Eric P. Groj
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] There are some immaterial and minor differences. For example, in 1:24-cv-01345, Plaintiff attaches additional documents to his complaint and signed it with a different date.