1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   ALEX LEONARD AZEVEDO,                    Case No.   1:24-cv-01373-KES-EPG (PC)

11                    Plaintiff,              ORDER DISCHARGING ORDER TO SHOW
                                              CAUSE
12             v.
                                              (ECF No. 8)
13   DEPARTMENT OF STATE HOSPITAL
     COALINGA,                                FINDINGS AND RECOMMENDATIONS,
14                                            RECOMMENDING THAT PLAINTIFF'S IFP
                     Defendant.               APPLICATION BE DENIED AND THAT
15                                            PLAINTIFF BE REQUIRED TO PAY THE
                                              FILING FEE IN FULL IF HE WANTS TO
16                                            PROCEED WITH THIS ACTION

17                                            (ECF No. 2)

18                                            OBJECTIONS, IF ANY, DUE WITHIN
                                              THIRTY (30) DAYS
19

20
             Plaintiff Alex Leonard Azevedo is a state prisoner proceeding *pro se* in this civil rights
21
     action filed under 42 U.S.C. § 1983. (ECF No. 1). On November 4, 2024, Plaintiff filed an
22
     application to proceed *in forma pauperis* in this action. (ECF No. 2).
23
             Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this
24
     action and because he was not in imminent danger of serious physical injury at the time he filed
25
     it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants
26
     to proceed with the action. [1]
27
     _____
28   [1] The Court issued an order to show cause on November 15, 2024, noting that it appeared that Plaintiff's
     claims were duplicative of an earlier-filed lawsuit, *Azevedo v. Department of State Hospital Coalinga*,

                                                  1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915.

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.      ANALYSIS

### A.      Strikes

Plaintiff filed this action on November 4, 2024, with the complaint being dated October 30, 2024. (ECF No. 1). The Court takes judicial notice[2] of the following four cases, each of which counts as a "strike": (1) *Azevedo v. Thompson, et al.*, No. 2:17-cv-01262-MCE-EFB (E.D. Cal. April 10, 2018) (dismissed for failure to state a claim at screening); (2) *Azevedo v. Colusa County Jail, et al.*, No. 2:17-cv-00472-JAM-AC (E.D. Cal. Feb. 21, 2018) (dismissed for failure to state a claim at screening); (3) *Azevedo v. Smith, et al.*, No. 2:16-cv-01214-TLN-AC (E.D. Cal. Aug. 9, 2016) (dismissed for failure to state a claim at screening); (4) *Azevedo v. Smith, et al.*, No. 2:16-cv-2809-JAM-EFB (E.D. Cal. Feb. 21, 2018) (dismissed for failure to state a claim). Moreover, Plaintiff has previously been denied IFP status by at least one other court because of his three-striker status. *See Azevedo v. Smith, et al.*, No. 2:18-cv-02818-TLN-AC (E.D. Cal.).

\\\

---

1:24-cv-01345-KES-HBK. (ECF No. 8). However, because that other case has since been voluntarily dismissed and closed, the Court discharges the show cause order.

[2] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### B.      Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

 Plaintiff's complaint alleges that a mental health patient attacked him while he was located at Coalinga State Hospital. (ECF No. 1, p. 3). However, by the time that Plaintiff filed this complaint, he was located in San Quentin State Prison, indicating that the events complained of happened before this transfer. And Plaintiff acknowledges that he was treated for his injuries at an outside hospital.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. None of these allegations fairly

implicate an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury to Plaintiff.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

III.     **CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, IT IS ORDERED that the show cause order is discharged. (ECF No. 8).

And IT IS RECOMMENDED that:

1.  Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).

2.  Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.

3.  Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.


Dated:   __**November 25, 2024**__          __/s/ Erica P. Grosjean__
                                            UNITED STATES MAGISTRATE JUDGE